## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSE BARRIERA-VERA

    Petitioner,

v.                                        CASE NO.  8:16-cv-2187-T-24TBM
                                                          8:06-cr-396-T-24 TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

      Petitioner Jose Barriera-Vera, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on July 29, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the Court's permission, the United States filed a reply to Petitioner's response. Petitioner filed notice of supplemental authority regarding its response in opposition to the United States' motion to dismiss.  After due consideration, the Court finds Petitioner's motion should be dismissed as untimely.

      Petitioner was convicted by a jury of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (count one), carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two), attempted bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (count three), and carrying and

attempting to use a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count four). The Court sentenced Petitioner to a term of imprisonment of time served on counts one and three, followed by 84 months as to count two and 300 months consecutive as to count four on April 22, 2009. (This sentence followed a reversal of the Court's granting a judgment of acquittal not withstanding the jury's verdict as to counts three and four, and the reversal of the Court's order and reinstatement of the jury's verdict as to those counts by the Eleventh Circuit.)

Petitioner now seeks relief under the auspices of § 2255. Because this is a second § 2255 motion, Petitioner filed an application to file a successive § 2255 motion. The Eleventh Circuit granted the application to the extent Petitioner wished to challenge his conviction on count four, but the Eleventh Circuit denied the petition to the extent Petitioner wished to challenge his conviction on count two.

Petitioner argues that because the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, a similarly worded statute, 18 U.S.C. § 924(c)(1)(3)(B), is also unconstitutionally vague, and his sentence on count four should be set aside. Petitioner's claim for relief rests on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016).

Petitioner seeks to extend the holdings in <u>Johnson</u> and <u>Welch</u> to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's motion is untimely in that his conviction has been final for more than one year, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

<u>Johnson</u> affords Petitioner no collateral relief with regard to his § 924(c) conviction on count four. First, <u>Johnson</u> did not address the statute under which Petitioner was convicted. Instead, <u>Johnson</u> ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended <u>Johnson</u>'s vagueness determination to § 924(c). <u>See</u> <u>In re Pinder</u>, 824 F.3d 977, 978 (11th Cir. 2016)("Our Court hasn't decided if <u>Johnson</u> applies to § 924(c)(3)(B).").

Second, attempted armed bank robbery as charged in count three is a crime of violence under the elements prong of § 924(c)(3)(A) in that it has as an element the use, attempted use, or threatened use of physical force against the person of another. The Court finds the case of <u>In re Hines</u> instructive in this matter. <u>See</u> <u>In re Hines</u>, 824 F.3d 1334, 1337 (11th Cir. 2016) (concluding that a companion conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), clearly qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause without regard to the § 924(c)(3)(B) residual clause). Therefore, even if the Court should decide that <u>Johnson</u> extends to the residual clause of 18 U.S.C. § 924(c)(3)(B), it would still provide Petitioner with no relief.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 7) is **GRANTED**.

(2) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 112) is **DISMISSED**.

(3) The Clerk is directed to enter judgment for the United States in the civil case and then **to CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on November 4, 2016.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge